### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE ENWEZE** ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| v. ) | (Jury Trial Demanded) |
| ) | |
| **DAT TRAN** ) | |
| **ACTING SECRETARY** ) | |
| **U.S. DEPARTMENT OF VETERANS AFFAIRS**) | |
| 810 Vermont Ave ) | |
| Washington, D.C. 20420 ) | |
| ) | |
| Defendant ) | |
| _____) | |

## COMPLAINT

Plaintiff, Dr. Lawrence Enweze ("Dr. Enweze" or "Plaintiff"), by and through his undersigned counsel, brings this Complaint against Dat Tran, Acting Secretary of Veterans Affairs ("Defendant"), by averring as follows:

## INTRODUCTION

1. This is an action brought by a current employee of the United States Department of Veterans Affairs ("VA" or "Agency") for discrimination in employment based on age, race, and national origin.

2. Dr. Enweze's claims arise pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §2000e- 16(c)(collectively referred to as "Title VII") and the Age Discrimination Employment Act of 1967, 29 U.S.C.§633a, *et seq.*, as amended("ADEA").

3. These claims, supporting facts, and damages set forth in this action are referred to individually or, at times, collectively as the "Lawsuit."

## PARTIES

4. Dr. Enweze is of Nigerian National origin, is black, over forty-years of age and a resident of the State of Maryland. At all times relevant to this lawsuit, Dr. Enweze was an employee of Defendant within the meaning of Title VII and the ADEA.

5. Defendant, Dat Tran, is the Acting Secretary of Veterans Affairs and therefore is an "employer" and agency or department head within the meaning of the ADEA, Title VII and its implementing regulations.

## SUBJECT MATTER JURISDICTION AND VENUE

6. Jurisdiction of this matter arises under 28 U.S.C. § 1331 with federal questions involving Title VII and the ADEA.

7. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendant is located in and Plaintiff works in Washington, D.C.

## ADMINISTRATIVE UNDERTAKINGS

8. Dr. Enweze filed a timely formal Equal Employment Opportunity complaintwith the VA's Office of Resolution Management Diversity and Inclusion ("ORMDI") alleging discrimination based on national origin (Nigerian), race (African), color (Black), and age (over 50) due to the Veteran Administration Medical Center's failure to convert him to a full-time physician employee.

9. The VA subsequently investigated the accepted issues, culminating in the Report of Investigation ("ROI").

10. Dr. Enweze requested a Final Agency Decision ("FAD") which was issued and received by Plaintiff on November10, 2020.The FAD denied all forms of relief to Dr. Enweze.

11. Dr. Enweze had ninety calendar days in which to initiate a lawsuit following the receipt of the FAD. The instant lawsuit has been filed within 90 days of his receipt of the Notice.

12. All conditions precedent necessary to file this Lawsuit have been met.

## FACTS
### Hiring at VA

13. Dr. Enwezeis employed as a Clinician Physician in the Emergency Department ("ED") at the Washington VA Medical Center ("VAMC") located in Washington, D.C.

14. Dr. Enweze has been a fee-based physician for the VAMC since 2008, when he first commenced his employment at the VAMC.At that time, he was informed that his employment would convert to a "full-time" position. Though he has worked full-time since 2017, VAMC identifies Dr. Enweze as a "part-time, career, employee."

15. Dr. Enweze's supervisors know he is from Nigerian, that he is from Africa, that he is black and that he is older than fifty-years of age. They became aware by working with him.

16. A regular full-time VAMC physician has right to benefits, including federal civil service retirement benefits, medical benefits, along with other benefits. A physician designated part-time, such as Dr. Enweze, does not have any of those benefits, regardless of how many years they work at the VA. Therefore, Dr. Enweze does not have a right to benefits, retirement, or any other benefit. Instead, he is paid for each hour worked only.

17. Throughout his over twelve-year career at the VAMC, Dr. Enweze has met or exceeded his responsibilities. For that reason, he has been reappointed every year since 2008.

18. Whether you are a part-time fee-based physician or a full-time employee of VAMC, one is given a contract every year and must be in good standing and provide proper patient cared. Dr. Enweze has met these standards since he began his employment at the VA.

19. Beginning in 2008 through present, Dr. Enweze sought to become a regular full-time physician at the VA and approached management about converting him to regular full-time employment. When he again asked about converting in 2014, VAMC informed him he could not convert.

20. The persons that Dr. Enweze spoke to were Dr. Philip Seton, his first line supervisor and Chief of the Emergency Department, Brenda Hardings (?) and Dr. Charles Faselis, the Chief of Staff.

21. In 2016, Dr. Enweze applied for a full-time position and complied with all the procedural prerequisites and requirements. Dr. Enweze was interviewed and selected for the full-time position. Upon information and belief, Dr. Seton, Dr. Faselis, Dr. Pamela Karasik (Chief of Medical Services), Rona Sebastian (Supervisor Credentialing Department), Dr. Patrick Joyce (PSB Reviewer), Lisa Wilson (Chief of Human Services), and Dr. Lichy Jack (PSB reviewer) were involved in the process and selection.

22. Dr. Seton informed Dr. Enweze that there were several full-time positions to be filled in the ED. Out of the four posted positions, only one was filled, leaving several that Dr. Enweze could have been converted to.

23. There were two other physician who were offered positions but declined.

24. After the VAMC offered Dr. Enweze the position, the only matter left to concretize was Dr. Enweze's salary. Despite Dr. Enweze's repeated requests to Dr. Philip Seton ("Dr. Seton") pertaining to his salary and commencing the full-time employment, Dr. Enweze's inquiries were ignored.

25. In an April 2017 notification from VAMC Dr. Enweze was informed that he was going to be "reappointed" and converted to full-time employment for the period April 24, 2017 through August 31, 2018.

26. Notwithstanding the notice of April 2017 that indicated Dr. Enweze was to convert to a full-time employee, and despite repeated requests from Dr. Enweze, the VAMC failed to convert him to full-time employment. If he had been converted to the full-time position that he had been offered, he would have maintained the status of a full-time employee from year to year up to present and ongoing.

27. Since April 2017, Dr. Enweze has continued to request that his employment be converted to full-time employment and his requests have been denied. Dr. Enweze has brought his requests forward to Dr. Seton and others. Dr. Enweze's requests were to have VAMC follow through on its offer to Dr. Enweze.

28. Though there has been a continuing for full-time physicians in the ED and at VAMC, since at least 2014, Dr. Enweze has not been converted to a full-time position.

29. Dr. Enweze had witnessed nonblack, non-Nigerian and younger physicians be converted to full-time employees.

30. Since Dr. Enweze began requesting that he be converted to a full-time physician in 2014, other physicians have been hired as full-time employees.

31. Dr. Enweze works well beyond full-time hours even though he is identified as being a "part-time" "career" "employee."

32. Two other Drs., one white/Hispanic and younger and the other non-Nigerian were offered full-time positions and the VAMC converted them to full-time employees, without delay.

5

33. The white/Hispanic younger physician became a full-time employee in 2014 after working as a fee-based physician for VAMC in the ED for approximately seven years and after converting to full-time is doing the same work as Dr. Enweze, working a similar number of hours.

34. The other physician, who is non-Nigerian was hired as a full-time attending physician in 2017, a position Dr. Enweze had inquired about, and had only worked at VAMC for two years in the ED as a fee-based physician prior to being placed in the full-time position. Yet, Dr. Enweze had nine years of experience with VAMC by 2017 and was not placed in a full-time position.

35. Throughout Dr. Enweze's twelve-year employment with the VAMC, it has granted him successive appointments understanding and acknowledging that he is a capable physician. Yet, though VAMC has kept him employed and had him work a full-time schedule, they keep him categorized as "part-time" fee-based physician. Not only does this not reflect the reality – that Dr. Enweze works full-time – but it keeps him in a position where he cannot receive benefits or advance in his career.

36. VAMC has the authority and funds to convert Dr. Enweze into a full-time employee and refuse to do so.

37. VAMC offered Dr. Enweze a full-time position and failed to follow through.

38. Though VAMC ignored Dr. Enweze's request and failed to follow through on its offer, it provided full-time employment to other VAMC physicians.

39. There is no difference in the number of hours or type of work that Dr. Enweze would do if he were converted to a full-time employee.

40. Dr. Enweze has been marginalized by being placed in a perpetual part-time status.

41. VAMC has minimized Dr. Enweze's contributions, ignored his concerns, and denied him awards.

42. For instance, when Dr. Enweze was injured at work, his workman compensation claim was initially denied because he was classified as "part-time" even though he was working full-time.

43. Dr. Enweze reported three incidents to management and none of them were taken seriously or investigated.

44. In 2016, Dr. Enweze's name was submitted as the hardest working physician in the ED by the Chief of that department. Dr. Faselis took his name off and pronounced that because Dr. Enweze is "fee-based" he was not qualified for the award. Yet, the award was then given to a white physician who was a "contractor" – a physician who was not even an employee of VAMC.

45. Keeping Dr. Enweze in a part-time status gives VAMC an excuse to deny Dr. Enweze the courtesy, respect, and merit he deserves. It also provides VAMC cover for mistreating him.

46. The eligibility to become a full-time physician is to perform the functions of the job description. The full-time physician job description is the same as the responsibilities Dr. Enweze has had as a part-time physician for over twelve years.

47. There is no set number of full-time physician positions at the VAMC. VAMC has needed Dr. Enweze to work full-time hours since 2014, at a minimum. VAMC, therefore, should have placed him in a full-time position several years ago and its failure to do so is ongoing.

48. VAMC has had vacant full-time physician positions and still failed to put Dr. Enweze in a full-time position.

## COUNT I
## COLOR and RACE DISCRIMINATION – TITLE VII

49. Dr. Enweze incorporates by reference all paragraphs contained in the Complaint as if more fully set forth herein.

50. At all times relevant to this Complaint, Dr. Enweze was an "employee" and the Agency was an "employer" within the meaning of Title VII.

51. The conduct as alleged throughout this Complaint constitutes discrimination on the bases of Dr. Enweze's color (black) and race (African).

52. As set forth in the Complaint, VA, through its employees and agents, has engaged in discriminatory unlawful employment practices against Dr. Enweze by denying Dr. Enweze regular full-time employment and the rights and benefits that would inure if he were a regular full-time employee.

WHEREFORE, Dr. Enweze demands judgment against Defendant and seeks the following relief:

    a. Economic damages;

    b. Compensatory damages;

    c. Injunctive relief;

    d. Prevailing party attorneys' fees and costs;

    e. Pre and Post-Judgment interest; and

    f. Such other relief as the nature of his causes may permit.

## COUNT II
## NATIONAL ORIGIN

53.     Dr. Enweze incorporates by reference all paragraphs contained in the Complaint as if more fully set forth herein.

54.     At all times relevant to this Lawsuit, Dr. Enweze was an "employee" and the Agency was an "employer" within the meaning of Title VII.

55.     The conduct as alleged throughout this Complaint constitutes discrimination on the basis of Dr. Enweze's national origin.

56.     As set forth in the Complaint, VA, through its employees and agents, has engaged in discriminatory unlawful employment practices against Dr. Enweze by denying Dr. Enweze regular full-time employment and the rights and benefits that would inure if he were a regular full-time employee.

WHEREFORE, Dr. Enweze demands judgment against Defendant and seeks the following relief:

   a.   Economic damages;

   b.   Compensatory damages;

   c.   Injunctive relief;

   d.   Prevailing party attorneys' fees and costs;

   e.   Pre and Post-Judgment interest; and

   f.   Such other relief as the nature of his causes may permit.

## COUNT III
## AGE DISCRIMINATION

57.     Dr. Enweze incorporates by reference all paragraphs contained in the Complaint as if more fully set forth herein.

58. At all times relevant to this Lawsuit, Dr. Enweze was an "employee" and the Agency was an "employer" within the meaning of the ADEA.

59. The conduct as alleged throughout this Complaint constitutes discrimination on the basis of Dr. Enweze's age.

60. As set forth in the Complaint, VA, through its employees and agents, has engaged in discriminatory unlawful employment practices against Dr. Enweze by denying Dr. Enweze regular full-time employment and the rights and benefits that would inure if he were a regular full-time employee.

WHEREFORE, Dr. Enweze demands judgment against Defendant and seeks the following relief:

a. Back pay and front pay;

b. Liquidated damages;

c. Injunctive relief;

d. Prevailing party attorneys' fees and costs;

e. Pre and Post-Judgment interest; and

f. Such other relief as the nature of his causes may permit.

### DEMAND FOR TRIAL BY JURY

Dr. Enweze demands a trial by jury in this action.

Respectfully Submitted,

_____/s/_____
Timothy W. Romberger
Fed. Bar No. 014408
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20046

(202) 248-5053  
(703) 582-6494 Cell  
timromberger1@comcast.net

DATE: February 6, 2021